

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2006

# Wakefield v. Moore

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1687

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wakefield v. Moore" (2006). *2006 Decisions.* Paper 120.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/120

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1687
_____

ARTHUR WAKEFIELD JR.,
                                    Appellant

v.

TERRANCE MOORE; DAVID SHEBSES; MARNI GARCIA;
CHARLES P. BALZER; STEVEN JOHNSON; T.
MICHAEL POWER; YOLANDA CICCONE
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civil No. 05-cv-2967)
District Judge: Honorable William J. Martini
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 26, 2006

Before:  RENDELL, SMITH and COWEN, Circuit Judges

(Filed December 7, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        In June 2005, Arthur Wakefield Jr. filed a civil rights action in the United States

District Court for the District of New Jersey alleging that prison officials conspired to

inflict cruel and unusual punishment by holding him in prison beyond the maximum term. The District Court concluded that the complaint was filed beyond the applicable two-year limitations period and that no tolling of the statute was appropriate. Alternatively, the District Court found that Wakefield's claims were frivolous. Accordingly, the District Court entered an order sua sponte denying leave to file the complaint pursuant to an order entered in D.N.J. Civ. No. 94-6302, which prohibited Wakefield from filing an action under 42 U.S.C. § 1983 without first obtaining leave of court. Wakefield has taken an appeal from this final order.

The statute of limitations is an affirmative defense that generally must be raised by the defendant. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006). The defense is waived if not properly raised. See Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). Here, the District Court raised the statute of limitations issue sua sponte. However, where the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006). These requirements have been satisfied here.

The Supreme Court has held that for § 1983 actions for which there is no federal statute of limitations, courts should apply the state statute of limitations that is applicable to personal injury actions. See Wilson v. Garcia, 471 U.S. 261 (1985). We have held that

2

New Jersey's two-year limitations period for personal injury actions, N.J.S.A. 2A:14-2, applies to civil rights claims under § 1983. See Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Wakefield's complaint alleged that the defendants' allegedly unlawful actions took place on six separate dates, the last of which occurred on April 15, 2003. He filed his complaint over two years later, in June 2005. Therefore, his claims are clearly time-barred. In addition, for the reasons stated by the District Court, there is no basis for tolling the limitations period under the relevant state tolling rules. See Lake v. Arnold, 232 F. 3d 360, 368 (3d Cir. 2000). Notably, the fact that Wakefield had filed more than 50 actions in the District of New Jersey (including several while the limitations period for his present claims ran) indicates that he was not prevented from timely filing his complaint.

We also agree that Wakefield's claims are totally lacking in merit. He alleged that the defendants "unilaterally alter[ed] commitment papers" and held him "hostage as a modern day slave in involuntary servitude under threat of death and torture." As the District Court noted, however, Wakefield was imprisoned pursuant to a valid state court conviction, and there is no indication that he was held beyond term prescribed by his sentence.

Because this appeal presents us with no substantial question, we will summarily affirm the District Court's order. See Third Circuit LAR 27.4 and I.O.P. 10.6. Wakefield's "motion for summary disposition" is denied.

3